IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 1, 2024 Session

## TRACY L. HARRIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. 20 CR 1470-PC       Bruce I. Griffey, Judge**

_____

## No. W2023-00973-CCA-R3-PC
_____

Petitioner, Tracy L. Harris, pleaded guilty in Carroll County Circuit Court to first degree murder and aggravated rape and was sentenced to an effective sentence of life without parole. After unsuccessful challenges to his convictions and sentences in Tennessee and federal courts, Petitioner filed a pro se petition pursuant to the Post-Conviction DNA Analysis Act of 2001 ("The Act"), Tennessee Code Annotated section 40-30-301, *et. seq.*, requesting DNA analysis on several items and samples taken from the crime scene. After the State responded in opposition, the post-conviction court dismissed the petition without a hearing and found that Petitioner had not met the statutory requirements of the Act. On appeal, Petitioner challenges the post-conviction court's dismissal of his petition. We conclude that the post-conviction court did not err in dismissing the petition, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Tracy L. Harris, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett Ward, Assistant Attorney General; Neil Thompson, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural History**

On March 20, 2000, Petitioner pleaded guilty pursuant to a written plea agreement to the first degree felony murder and aggravated rape of the eighty-one-year-old victim. Per the agreement, Petitioner received concurrent sentences of life imprisonment without parole on the murder conviction and twenty years' imprisonment on the aggravated rape conviction. The State, which had filed proper notice to seek the death penalty against Petitioner, abandoned its intent per the agreement, and two other counts of the indictment charging Petitioner with especially aggravated burglary and first degree murder were dismissed.

Since his guilty pleas, Petitioner has been very litigious, filing multiple post-conviction and habeas corpus challenges to his convictions and effective sentence in Tennessee state courts. *State v. Harris*, No. W2020-01564-CCA-R3-CD, 2021 WL 3124252 (Tenn. Crim App. July 23, 2021) (memorandum opinion), *no perm. app. filed*; *State v. Harris*, No. W2019-00834-CCA-R3-CD, 2020 WL 4218827 (Tenn. Crim. App. July 22, 2020) (memorandum opinion), *no perm. app. filed*; *Harris v. Steward*, No. W2013-00207-CCA-R3-HC, 2013 WL 4011569 (Tenn. Crim. App. Aug. 6, 2013) (memorandum opinion), *no perm. app. filed*; *Harris v. State*, No. W2011-01578-CCA-R3-PC, 2011 WL 6747474 (Tenn. Crim. App. Dec. 21, 2011), *perm. app. denied and designated not for citation* (Tenn. Apr. 12, 2012); *Harris v. Worthington*, No. E2008-02363-CCA-R3-HC, 2010 WL 2595203 (Tenn. Crim. App. June 29, 2010), *perm. app. denied* (Tenn. Nov. 17, 2010); *Harris v. State*, No. W2008-02507-CCA-R3-CD, 2009 WL 1362365 (Tenn. Crim. App. May 15, 2009), *no perm. app. filed*; *Harris v. Worthington*, No. E2008-00603-CCA-R3-HC, 2008 WL 3892031 (Tenn. Crim. App. Aug. 22, 2008) (memorandum opinion), *no perm. app. filed*. This court did not grant him relief in those cases.

Undeterred, Petitioner also sought relief in the United States District Court. *Harris v. Holloway*, No. 1:12-cv-01204-JDB-egb, 2015 WL 3823945 (W.D. Tenn. June 19, 2015) (denying federal habeas corpus relief under 28 U.S.C. § 2254); *see also Harris v. Lee*, No. 1:12-cv-01204-JDB-egb, 2015 WL 7458650 (W.D. Tenn. Nov. 23, 2015) (denying petition for rehearing). These challenges in federal court were unsuccessful.

On January 26, 2023, Petitioner filed a pro se petition under the Act. He attached to the petition police reports; reports from the Tennessee Bureau of Investigation ("TBI") regarding latent fingerprint examinations, serology, and DNA analyses; a coroner's investigation report; and Petitioner's own affidavit. Specifically, Petitioner requested the post-conviction court to order "new and advanced DNA analysis of evidence" of (1) "blood

. . . found in the dining room and kitchen," (2) a "glass pane removed from the door," (3) "sperm and semen found on the victim's mattress," (4) "a small box" that contained money taken during the crimes, (5) a "cigarette butt" from the crime scene, and (6) "bloody shoe print lifts recovered from the dining room and kitchen[.]" Petitioner alleged that TBI agents had committed "prior illegal acts" by "altering" and fabricating "DNA evidence." He argued that new testing would prove his "actual innocence." He further claimed that the agents approached him after his guilty pleas with an offer of a reduced sentence in exchange for testifying against co-defendant Kevin King for raping and murdering the victim.

On April 24, 2023, Petitioner filed a pro se "Motion to Amend 'Petition for DNA Analysis,'" in which he requested DNA testing of a "pry tool" that was used to remove glass from a door to gain entry into the victim's house, "cut telephone wires and [an] electric blanket cord," and blood stains on a blouse recovered from the crime scene.

The State opposed Petitioner's request and attached several exhibits to its written response, including TBI reports, serology and DNA reports, Petitioner's statements to law enforcement officers, and letters written by Petitioner. The State's primary argument was that the "petition failed to meet the statutory requirements of the mandatory provision" of Code section 40-30-304—consequently, Petitioner did not meet the Act's requirements for DNA testing. The State pointed out that Petitioner had confessed to law enforcement "a detailed account" of his "involvement" in the victim's murder and that he had admitted to raping the victim.

On June 9, 2023, the post-conviction court entered an order determining that an evidentiary hearing was not required and denying Petitioner's petition. The court's written order listed the statutory factors of Code section 40-30-304 to consider whether DNA analysis of the items in Petitioner's request was warranted under the Act. The court found that "evidence of Petitioner's guilt surrounding the rape and murder" of the elderly victim was "overwhelming." The court noted that the TBI previously analyzed vaginal swabs taken from the victim and determined that "[t]he probability of someone other than [Petitioner's] genetic material and [the victim's genetic material] matching the DNA profile of the sperm and fluid collected from the vaginal swab of [the victim]" was "greater than [a] 1 in 320 million probability for the African-American population" and a "1 in 11 million" probability for the Caucasian population. The court further noted that sperm and semen found on the victim's blouse matched the DNA profile of Petitioner and that Petitioner had given such a "detailed statement of his involvement in this horrific crime" that he had to have had first-hand involvement in the victim's rape and murder. As such, the court found Petitioner had failed to meet the statutory requirements and dismissed his

petition with prejudice. The court also entered a separate order denying Petitioner's motion to amend.

After the post-conviction court entered its order dismissing the petition, Petitioner filed a "Motion for Discretionary DNA Analysis" that raised the same grounds as his dismissed petition. Before the court could rule on his subsequent motion,[1] Petitioner timely appealed the court's dismissal of his initial petition. It is the dismissal of the initial petition that is the subject of this appeal.

## II. Analysis

Petitioner argues that "as a matter of law," he "is entitled to DNA analysis" of the items he listed in his petition. In both his brief and reply brief, Petitioner maintains that DNA analysis of evidence is warranted pursuant to Tennessee Code Annotated section 40-30-305, which sets forth the conditions under which a court has the discretion to order DNA analysis of evidence. Petitioner, however, also argues actual innocence and the existence of another perpetrator, which relate to the mandatory provision in Code section 40-30-304. The State responds that Petitioner failed to establish DNA analysis of evidence is warranted under either the mandatory or discretionary provisions of the Act. We agree with the State.

The Act provides that a defendant convicted of certain offenses, including first degree murder and aggravated rape:

> may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303.

DNA analysis is mandatory when:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

---

[1] The post-conviction court later entered an order denying Petitioner's subsequent motion.

- 4 -

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

*Id.* at § 40-30-304. Additionally, courts may, in their discretion, order analysis when:

(1) A reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

*Id.* at § 40-30-305.

"Under either the mandatory or discretionary provision, all four elements must be met before DNA analysis will be ordered by the court." *Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011). "A reasonable probability under the statute is a probability sufficient to undermine confidence in the conviction or prosecution." *Wilson v. State*, No. W2023-00192-CCA-R3-PC, 2024 WL 774941, at *8 (Tenn. Crim. App. Feb. 26, 2024) (citing *Powers*, 343 S.W. 3d at 55), *no perm app. filed*. In conducting its analysis of a petitioner's claim, a post-conviction court must presume that the DNA analysis would produce favorable results for the petitioner. *Powers*, 343 S.W. 3d at 55. "While courts must also consider the evidence that was presented against the petitioner at trial, the evidence must

- 5 -

be viewed in light of the effect that exculpatory DNA evidence would have had on the fact-finder or the State." *Id.* (citations omitted). The post-conviction court has considerable discretion to decide whether to grant a petitioner relief under the Act, and the post-conviction court's judgment will not be reversed unless unsupported by substantial evidence. *See Wilson*, 2024 WL 774941, at *8; *State v. Downs*, No. W2019-01485-CCA-R3-CD, 2020 WL 6779971, at *4 (Tenn. Crim. App. Nov. 17, 2020) (citations omitted); *Jones v. State*, No. W2014-02306-CCA-R3-PC, 2015 WL 3882813, at *3 (Tenn. Crim. App. June 24, 2015) (citation omitted).

The facts of the offense are "paramount" to our review of an issue under the Act. *Jones v. State*, No. W2023-00591-CCA-R3-CD, 2024 WL 752963, at *6 (Tenn. Crim. App. Feb. 23, 2024) (citing *Greenleaf, Jr. v. State*, No. M2009-01975-CCA-R3-CD, 2010 WL 2244099, at *3 (Tenn. Crim. App. Nov. 15, 2010)). "[T]he post-conviction court is not required by the Act to hold an evidentiary hearing in order to decide whether testing should be granted, and, therefore, the record on appeal may be limited." *Powers*, 343 S.W.3d at 56. The post-conviction court must consider all available evidence, including the evidence presented at trial and any stipulations of fact made by either party in determining the effect that exculpatory DNA evidence would have had on the fact-finder or the State. *Id.* at 55-56. "The recitation of the facts contained in prior appellate opinions may be helpful in determining what facts and evidence were presented at trial." *Id.* at 56. However,

> [t]he 'reasonable probability' inquiry under section 40-30-304(1) of the Act requires courts to look at the effect the exculpatory DNA evidence would have had on the evidence at the time of trial or at the time the decision to prosecute was made, not on the evidence as construed by an appellate court in the light most favorable to the State.

*Id.* at 57 (footnote omitted).

Our review of Petitioner's claim is hampered by the absence of the transcript of the guilty plea hearing from the appellate record. This court has previously concluded that "absent a transcript of the guilty plea hearing, we cannot determine whether a reasonable probability exists that the evidence would have precluded prosecution or conviction." *Hackworth v. State*, No. M2003-02148-CCA-R3-PC, 2004 WL 1686610, at *4 (Tenn. Crim. App. July 28, 2004). However, the post-conviction court relied upon the various documents that the parties attached to their pleadings, including the affidavit of complaint, Petitioner's statements to law enforcement, and TBI reports of interviews of witnesses and the results of testing of evidence recovered from the scene. According to these documents, the deceased victim was found nude in a bathtub filled with water. She had been raped and

had sustained head injuries, as well as defensive injuries to both forearms and wrists. Testing of vaginal swabs taken from the victim indicated the presence of sperm and semen, and the DNA profile obtained was a "mixture of genetic material where [the victim] and [Petitioner] could be contributors." The probability of obtaining this mixed profile from unrelated individuals was approximately 1 in 320 million in the African-American population and 1 in 11 million in the Caucasian population. Testing of the victim's blouse also indicated the presence of sperm and semen, and the DNA profile obtained was that of Petitioner. The TBI report stated that "[t]he probability of an unrelated individual having the same profile from both the African-American and Caucasian populations exceeds the current world population." Petitioner gave multiple detailed statements to law enforcement officers in which he admitted that he and Kevin King entered the victim's home by removing a glass panel from the door with the intention of taking the victim's money, raped and killed the victim, and placed the victim's body in a bathtub filled with water.

In light of this evidence, the post-conviction court that no reasonable probability existed that Petitioner would not have been prosecuted or convicted or would have received a more favorable verdict or sentence had he obtained favorable results from the requested analysis of the evidence. *See* Tenn. Code Ann. §§ 40-30-304(1); 40-30-305(1). We conclude that substantial evidence supports the post-conviction court's determination. Although Petitioner seeks DNA testing of multiple items of evidence that he claims the perpetrator would have touched, Petitioner told officers that he and King wore socks over their hands while at the crime scene. Furthermore, the State already obtained DNA evidence connecting Petitioner to the offenses, and the DNA testing of the items sought by Petitioner would not have undermined the presence of Petitioner's DNA on other evidence at the scene, including vaginal swabs taken from the victim. Finally, Petitioner pleaded guilty to the offenses. "This court has been reluctant to overturn a post-conviction court's decision denying DNA analysis when petitioner entered a voluntary guilty plea in the trial court." *Kotewa v. State*, No. E2011-02527-CCA-R3-PC, 2012 WL 5309563, at *5 (Tenn. Crim. App. Oct. 26, 2012) (citing *Crawford v. State*, No. W2010-01676-CCA-R3-PC, 2011 WL 2448925, at *4 (Tenn. Crim. App. June 20, 2011); *Greenleaf*, 2010 WL 2244099, at *5); *see Blakeney v. State*, No. E2021-00508-CCA-R3-PC, 2022 WL 1316271, at *4 (Tenn. Crim. App. May 3, 2022); *Turner v. State*, No. E2013-01565-CCA-R3-PC, 2014 WL 1369903, at *4 (Tenn. Crim. App. Apr. 7, 2014).

Because we conclude that Petitioner failed to satisfy the first requirement for mandatory or discretionary testing, we need not consider the remaining three requirements. *See Allen v. State*, No. E2022-00373-CCA-R3-PC, 2022 WL 16780005, at *5 (Tenn. Crim. App. Nov. 8, 2022), *perm. app. denied* (Tenn. Mar. 9, 2023). Rather, under the facts of this case, we conclude that the post-conviction court did not abuse its discretion in denying the Petitioner's petition for DNA analysis.

### III. Conclusion

Upon review of the record, the parties' briefs, and the applicable law, we affirm the judgment of the post-conviction court.

_____ s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE
